**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4709**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

THOMAS MCKENNY MADISON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:06-cr-00497-HEH-2)

Submitted: March 29, 2013      Decided: August 13, 2013

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Valencia D. Roberts, Assistant Federal Public Defender, Caroline S. Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Roderick Charles Young, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas McKenny Madison appeals from the district court's judgment finding he violated the conditions of his supervised release, revoking his supervised release, and sentencing him to fifteen months in prison. Madison's attorney has filed a brief under Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues, but raising whether the court applied the proper standard in finding the violations, whether a preponderance of the evidence supported the alleged commission of a new crime violation by obstruction of justice, and whether Madison's sentence is plainly unreasonable.

We review a district court's decision to revoke an individual's supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2012); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). This burden "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted).

The court reviews the district court's factual findings for clear error. United States v. White, 620 F.3d 401, 410 (4th Cir. 2010). A factual finding is clearly erroneous if the court reviews all the evidence and "is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted). It is not enough for the court to conclude that it would have decided the case differently. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985).

Madison argues that the district court erred by allegedly applying a probable cause standard to determine whether the Government proved the obstruction of justice/commission of a new crime violation instead of the proper preponderance of the evidence standard. This claim is reviewed for plain error because it was not raised below. See Puckett v. United States, 129 S. Ct. 1423, 1428-29 (2009). He also argues that the evidence was insufficient to show by a preponderance of the evidence that he committed the obstruction of justice violation. We have reviewed the record and conclude that the district court did not abuse its discretion or plainly err in determining that the Government's evidence established that Madison violated his supervised release by committing a new

3

crime of obstruction of justice. Madison admitted several other violations.

We also discern no error in the district court's decision to impose a fifteen-month sentence. Madison argues that the district court improperly considered 18 U.S.C. § 3553(a) (2006) factors that are not to be considered for a revocation sentence; namely, "to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A); see 18 U.S.C. § 3583(e) (2006). He also contends that his sentence was substantively unreasonable because it was greater than necessary in light of the applicable § 3553(a) factors. We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual ch. 7, pt. B (2011), and the statutory requirements and factors applicable to revocation sentences under § 3553(a) and § 3583(e) in fashioning a sentence after revoking supervised release, the district court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Crudup, 461 F.3d at 438-39.

4

A supervised release revocation sentence is procedurally reasonable if the district court considered the Guidelines' Chapter 7 advisory policy statements and the § 3553(a) factors that it is permitted to consider in a supervised release revocation case. See 18 U.S.C.A. § 3583(e); Crudup, 461 F.3d at 439-40. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. Although the district court need not explain the reasons for imposing a revocation sentence in as much detail as when it imposes an original sentence, "it still must provide a statement of reasons for the sentence imposed." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable[.]" Crudup, 461 F.3d at 439 (emphasis omitted). We have reviewed the record and have considered Madison's arguments and discern no reversible error. We therefore conclude that Madison's sentence is not plainly unreasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Madison, in writing, of the right

5

to petition the Supreme Court of the United States for further review. If Madison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Madison.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6